### BENJAMIN L. T. BOURLAND

*v.*

### GEORGE L. GIBSON *et al.*

FAILURE OF CONSIDERATION—*retaining deed until payment.* Where a purchase of land was made through an agent for $6000, of which sum $2000 was to be paid down, and the balance secured by note and deed of trust, the conveyance of the land being left with the agent for delivery upon a compliance with the terms of the sale, and the purchaser being unable to make the cash payment, the agent agreed to take his note, with personal security, for $2100, the $100 being the agent's commissions, it was *held,* that the non-delivery of the deed for the land could not constitute a failure of the consideration of the note given to the agent, as it was not to be delivered until after payment of such note.

APPEAL from the Circuit Court of DeWitt county; the Hon. LYMAN LACEY, Judge, presiding.

Messrs. DONAHUE & KELLY, and Messrs. MOORE & WAR-
NER, and Mr. J. H. SEDGWICK, for the appellant.

Messrs. WELDON & McNULTA, and Messrs. ROWELL &
HAMILTON, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a suit growing out of the following facts:

Bourland, as trustee for Patterson, had, under a trust deed
from Gibson, made a sale of Gibson's homestead property in
El Paso, which Patterson bid in, and had a deed for it. After-
ward, Gibson, through Bourland, made an arrangement for
the re-purchase of the property from Patterson, on the follow-
ing terms:

Gibson was to pay cash $2000, and give his note for $4000,
due in five years with ten per cent interest, secured by his
trust deed on the property, Bourland to be the trustee.

Bourland procured a deed from Patterson to Gibson, and
held the same in his hands ready for delivery to Gibson upon
his compliance with the terms. He addressed to Gibson a
letter notifying him of the fact, inclosing in the letter, for exe-
cution by Gibson, the note and trust deed which were to be
given by the latter. Gibson was not able to raise the $2000,
cash payment, and it was afterwards agreed with Bourland
that instead of the cash payment of $2000, Gibson should give
his note to Bourland, with Thomas Snell as surety, for $2100,
payable in one year, with ten per cent interest; the $100 being
for commissions due Bourland. Accordingly, Gibson executed
the $4000 note and trust deed on the property to secure it, and
Gibson, with Snell as surety, executed the $2100 note, it bear-
ing date February 22, 1875.

This suit was by Bourland against Gibson and Snell upon
this note given by them.

As Bourland had not delivered to Gibson the deed from
Patterson to the latter, but still retained the same in his hands,
the defendants pleaded a failure of consideration of the note,

in the non-delivery of this deed. The jury found the issue upon the plea in favor of the defendants, and the court, after overruling a motion for a new trial, rendered judgment upon the verdict in favor of the defendants, and the plaintiff appealed.

The verdict in this case was manifestly against the evidence. There could not be said to be any failure of consideration of the note. Bourland held the deed from Patterson to Gibson, already executed, in his hands, ready to be delivered to Gibson upon the payment of this $2100 note. Without entering upon a discussion of the evidence, we think it enough to state our conclusion, that the circumstances proved clearly show that the deed was only to be delivered upon payment of this note for $2100.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*