## BENJAMIN L. T. BOURLAND
## v.
## GEORGE L. GIBSON ET AL.

CONTRACT—FAILURE OF CONSIDERATION IN NOTE.—In an action upon a note, the defendants pleaded failure of consideration, because of a failure to deliver a certain deed at the time the note was executed. Upon this point the evidence was conflicting, but the plaintiff having at one time written the defendants a letter, in which he had stated his construction of the contract as meaning that the deed was to be delivered upon payment of the note in question; *held*, that the defendants by their silence after receiving the letter, would be deemed to have acquiesced in such a construction of the contract, and the plea of failure of consideration was not supported by the evidence.

APPEAL from the Circuit Court of DeWitt county; the Hon. LYMAN LACEY, Judge, presiding. Opinion filed October 7, 1880.

Mr. O. J. BAILEY, for appellant; that the allegations and proofs correspond, cited Sherman v. Blackman, 24 Ill. 350.

Under a plea of total failure of consideration a partial failure can not be shown: Swain v. Cawood, 2 Scam, 505.

The consideration must be set forth exactly: Taylor v. Sprinkle, Breese, 17; Vining v. Leaman, 45 Ill. 246.

Possession of the land is a good consideration: Laforge v. Matthews, 68 Ill. 328.

Pleadings are to be taken most strongly against the pleader: Vining v. Leaman, 45 Ill. 246.

Generally: Buchanan v. International Bank, 78 Ill. 500; Bourland v. Gibson, 91 Ill. 470.

Messrs. WELDON & McNULTA, for appellees.

DAVIS, J. This was an action brought by appellant to recover on a promissory note, executed by appellees, for $2,100, dated 22d February, 1875, and payable one year after date. The defense interposed was a failure of the consideration of the note.

It appears from the record, that George L. Gibson, who had previously been the owner of a tract of land, which had been sold under a trust deed, and conveyed to Robert Patterson by appellant, as trustee, was desirous of re-purchasing the land, and an arrangement was entered into between Gibson and Patterson, through Bourland, for the re-purchase of the property on the following terms: Gibson was to pay $2,000 cash, and give his note for $4,000, due in five years, secured by a trust deed on the property, with Bourland as trustee. All the papers, including the deed from Patterson to Gibson, were prepared, and were in the hands of Bourland, ready to be delivered upon the payment of the $2,000. A draft was drawn for that amount by Gibson on Thomas Snell, and returned protested for non-payment, and Gibson was unable to make the cash payment. It was then agreed that in lieu of the money Gibson should give his note for $2,100, with Snell as surety, payable in one year from date, the addition of $100 being for commissions due Bourland, and accordingly the note sued upon was executed and sent by mail to Bourland, and on the 26th of February, 1875, he wrote the following letter to Gibson, and the same was received by him a few days thereafter:

"Peoria, Ill., February 26, 1875.
"George L. Gibson, Esq.:

*"Dear Sir:* Yours of 28th inst. is received. I have proposed to Gen. Patterson to hold the papers just as they now stand until the $2,000 is paid, and then convey the property back to you, and record the new mortgage for $4,000 I now hold as security for the Patterson loan.

"1. The original trust deed and note of $6,000 foreclosed, and trustee's deed to Gen. Patterson on record.

"2. New note of 4,000, secured by the new mortgage, due in 1880; ten per cent. annually.

"3. Your note of $2,100, with Snell as security, due February 22, 1876, with ten per cent. interest. If this last note is paid, the old note and trust deed are to be given up and the new mortgage to be recorded, and Gen'l Patterson's deed to you (which I also hold) is to be delivered.

                              "Yours truly,
                                   "B. L. T. Bourland."

The note so given not having been paid at maturity, this suit was instituted, and the deed from Patterson to Gibson not having been delivered by Bourland to the latter, but retained by Bourland, the plea of failure of consideration of the note was interposed. The jury trying the case below found the issue for appellees, and the court upon overruling a motion for a new trial rendered a judgment against appellant for costs, to reverse which he appeals.

This case was tried once before on the same plea, and with a like result, and was taken by appeal to the Supreme Court, and by that court reversed and remanded upon the ground that the circumstances proved clearly show that the deed was only to be delivered upon payment of the note for $2,100. Bourland v. Gibson et al. 91 Ill. 470.

It now comes up to us on the record made on the new trial, and the only question is whether the court erred in overruling appellant's motion for a new trial.

The evidence of the two witnesses on each side who testified for the respective parties was conflicting. The testimony of Gibson and his son sustaining the plea, while that of Bourland

and Sedgwick as positively disproving it. If the case rested upon this testimony alone, we would not feel justified in disturbing the verdict of the jury, but we regard the evidence furnished by the letter of Bourland to Gibson, and the conduct of the latter in reference thereto, as strongly corroborative of the testimony offered by appellant, and makes it strongly preponderate in his favor. This letter was written upon the receipt of the note by Bourland, and came to the hands of Gibson a few days afterwards, and was in his possession until produced by him on the trial. In this letter was the positive affirmation that the deed conveying the property to Gibson was to be retained by Bourland, and not to be delivered to Gibson until the $2,100 note should be fully paid. No word of objection was made to this until after this suit had been commenced, when the claim was first made that by the terms of the agreement the deed should have been delivered upon the delivery of the note. This long silence furnishes very convincing evidence that appellant's version of the agreement is the correct one.

The conduct of Gibson after receiving this letter from Bourland is inconsistent with his present claim. Had it been the agreement that Gibson should receive the deed upon the delivery of the note, it is very strange that he did not on receipt of the letter, immediately repudiate the construction given to it by Bourland, and demand the return of his note or the delivery of the Patterson deed to him.

But even if the contract was as now claimed by Gibson, he waived his right to the deed on the delivery of the note, by his acquiescence in the claim of Bourland that the deed was not to be delivered until the payment of the note in full.

We think the verdict of the jury was manifestly against the weight of the evidence, and under the rule the court below should have awarded a new trial. C. B. & Q. R. R. Co. v. Gregory, 58 Ill. 277; Toledo, W. & W. R'y Co. v. Moore, 77 Ill. 318.

The judgment must be reversed and the cause remanded.

Reversed and remanded.