## GEORGE L. GIBSON ET AL.
### v.
### B. L. T. BOURLAND.

1. PLEA PUIS DARREIN CONTINUANCE.—In a plea *puis darrein continuance*, it is not sufficient to say generally that the defense arose after the last continuance, but the day of the continuance must be shown and also the time and place must be alleged when the matter of defense arose so that the court can see their sufficiency on the face of the plea. The plea must conclude against *further* maintaining the action and be verified under oath. As the plea in this case was wanting in all these essential particulars, the court erred in treating it as such.

2. DEMURRER.—Although the Supreme and Appellate Courts have heretofore decided that the proof in the records then before them showed that the deed was not delivered upon the execution and delivery of the notes and mortgage by appellants, as averred in the plea, but only upon payment of the $2,100 note, this court can not assume that appellants will not be able hereafter to prove the truth of their plea. The demurrer admits its truth and the only duty of the court is to determine its sufficiency.

APPEAL from the Circuit Court of De Witt county; the Hon. G. W. HERDMAN, Judge, presiding. Opinion filed June 27, 1883.

Mr. J. H. ROWELL and Messrs. WELDON & McNULTA, for appellants; as to amending pleas, cited Drake v. Drake, 83 Ill. 526, 527.

Mr. OLIVER J. BAILEY, for appellee; that the facts do not and can not, pleaded in any form whatsoever, constitute a good defense, cited Bourland v. Gibson, 91 Ill. 470; Bourland v. Gibson, 7 Bradwell, 227.

Matters of defense arising *after action brought* should be taken advantage of by such a plea: Rybolt v. Milliken, 5 Bradwell, 490; Robinson v. Burkell, 2 Scam. 278; Ross v. Nesbit, 2 Gilm. 252; Kenyon v. Sutherland, 3 Gilm. 99.

As to the effect of a plea *puis darrein continuance:* Wallace v. McConnell, 13 Pet. 136; Yeaton v. Lynn, 5 Pet. 223; Spofford v. Woodruff, 2 McLean, 191; McKeen v. Parker, 51

Me. 389; Bank of U. S. v. Carneal, 2 Pet. 543; Morse v. Small, 73 Me. 566; Lincoln v. Thrall, 26 Vt. 306; Coffin v. Cottle, 9 Pick. 289; Burton v. Hynson, 7 Ark. 502; Price v. Sanderson, 18 N. J. Law, 429; Johnson v. Kibbee, 36 Mich. 269; Woods v. White, 97 Pa. St. 227; Webb v. Steele, 13 N. H. 238; Adams v. Filer, 7 Wis. 318; Lincoln v. McLaughlin, 74 Ill. 11; Walds v. Mitchell, 24 N. H. 236; Bauer v. Roth, 4 Rawle (Pa.), 92; Burton v. Hynson, 7 Ark. 502; Prather v. Ruddell, 8 Blackf. (Ind.) 50; Sanders v. Johnson, 6 Blackf. (Ind.) 50; McKeen v. Parker, 51 Me. 389.

Under the statute the court has a discretion concerning amendments, and appellants must show a palpable abuse of that discretion to entitle them to a reversal: March v. Mayers, 85 Ill. 178; Thompson v. Sornberger, 78 Ill. 354; Fisher v. Greene, 95 Ill. 96; Eberhart v. Page, 89 Ill. 551; Drake v. Drake, 83 Ill. 528; Walker v. Bank, 2 Bradwell, 305; Hill v. Harding, 93 Ill. 83; Knickerbocker Ins. Co. v. McGinnis, 87 Ill. 71; Smith v. Davis, 89 Ill. 204; Millikin v. Jones, 77 Ill. 375; Jones v. Kennicott, 83 Ill. 485; Griswold v. Sedgwick, 1 Wend. 131; Diehl v. Adams, 58 Pa. St. 448.

HIGBEE, J.    This was a suit brought by appellee to recover on a promissory note given by appellants to him, for $2,100, dated February 22, 1875, payable one year after date.    An issue was formed on a plea averring a failure of consideration, and the case tried twice, resulting each time in a verdict and judgment for defendant below, both of which were reversed on appeal: Bourland v. Gibson, 91 Ill. 470; Bourland v. Gibson, 7 Bradwell, 227.

At the August term, 1882, of the trial court, appellants, under leave of the court to file additional pleas, filed another plea of failure of consideration, which was stricken from the files, and the cause continued to the November term of that year, when the defendants, by leave of the court, filed the following plea: "And now, by leave of the court first had and obtained, come the defendants by their attorneys aforesaid and say that the plaintiff ought not to further have his aforesaid action against them, because they say that after the last pleading
23

in this cause, to wit, on the first day of July, 1878, Robert Patterson, by the name and description of R. Patterson, by warranty deed, duly executed under his hand and seal, and delivered to Harriet B. Farrell, sold and conveyed to said Harriet B. Farrell, in fee simple, the following described real estate, to wit: Block number fourteen (14) in Gibson's addition to the town of El Paso, in the county of Woodford; and the said defendants aver that the said supposed causes of action, in the said declaration mentioned, are one and the same, to wit, the supposed promissory note in the first count mentioned, and not other and different causes of action; and the defendants further aver that the consideration of said note has entirely failed in this, to wit, that before the execution of the said promissory note, the said plaintiff, as the agent of one Robert Patterson, had purchased, at trustee's sale, the lands aforesaid, being the homestead of said defendant, Gibson, for, to wit, the sum of six thousand dollars, and had, as such agent, received a deed conveying the same to said Patterson; and the said defendant, Gibson, being desirous to re-purchase the same on, to wit, the 22d day of February, 1875, at Peoria, to wit, at the county of DeWitt, aforesaid, proposed to said plaintiff, as such agent, to re-purchase said land and homestead, and to give said plaintiff for such property his promissory note for $2,100, due in one year, with interest at ten per cent. per annum, said note to be executed by said defendant, Gibson, as principal, and by defendant, Snell, as surety, and also to give to said plaintiff, as agent of said Patterson, his promissory note for $4,000, due in five years, with a like rate of interest, which last note should be secured by mortgage on said lands and homestead property; that said plaintiff in consideration thereof, should then and there execute and deliver, or cause to be executed and delivered, to said defendant, Gibson, a deed conveying to said Gibson the said land and homestead property, in fee simple, and that thereupon said plaintiff then and there, to wit, at the county and State aforesaid, accepted said proposition, and undertook, and promised to convey, or cause to be conveyed, to said defendant, Gibson, as aforesaid, the said lands and homestead, and the defendants then and

Gibson v. Bourland.

there, in consideration thereof, executed and delivered to said plaintiff the said promissory note now sued on, and the defendant, Gibson, also executed the note and mortgage as proposed aforesaid, and delivered the same to plaintiff, which agreement aforesaid was, and is, the sole consideration for said note. Yet the said plaintiff, notwithstanding his said promises and agreements in that behalf, has wholly neglected and refused, and still neglects and refuses, to execute and deliver, or cause to be executed and delivered, the aforesaid deed to said Gibson for said lands and homesteads, although often requested so to do; but on the contrary, by the conveyance as aforesaid, by Robert Patterson, the principal of the plaintiff of the above mentioned homestead of the defendant, Gibson, to Harriet B. Farrell, by warranty deed, the said Patterson, and the plaintiff, his agent, have placed it beyond their power to comply with their contract with defendant, Gibson, as aforesaid, by means of which said several promises, the consideration for which said promissory note now sued on was given to plaintiff, has wholly failed. And the defendants further aver that they were not informed, and did not know, that the plaintiff and said Robert Patterson, his principal, had wholly disregarded the trust deed last given, as aforesaid, by said Gibson, on said premises, and had held and conveyed the said homestead, by said Robert Patterson, as in his own right and title, to said Harriet B. Farrell, as aforesaid, until on or about the first day of May, A. D. 1882. And the defendants further aver that, at the August term of this court, defendants pleaded, in substance, the foregoing facts, but the same not being in form, a demurrer was sustained to said plea, and leave was then and there obtained to amend said plea so pleaded as aforesaid, and to file additional pleas, and said defendant now comes, at this December term of this court, and files this amended plea, as aforesaid, and this the defendants are ready to verify; wherefore they pray judgment, etc.

" By ROWELL & HAMILTON, and<br>
" LAWRENCE WELDON,<br>
"Attorneys for Defendants."

To this plea a general demurrer was sustained. The court, holding it to be a plea *puis darrein continuance*, refused leave to amend the same, that it waived all former pleas, and on motion of appellee rendered judgment in his favor for the amount of said note, interest and costs, from which an appeal is prosecuted to this court.

The demurrer is general, and does not reach mere formal defects in the plea. It admits the truth of all matters well pleaded and demands the judgment of the court whether they are sufficient to bar the plaintiff's right of action.

The plea demurred to was not a plea *puis darrein continuance* in substance or in form. It is not sufficient to say generally that the defense arose after the last continuance, but the day of the continuance must be shown and also the time and place must be alleged when the matter of defense arose, so that the court can see their sufficiency on the face of the plea. It must also conclude against *further* maintaining the action and be verified under oath. 1 Chitty on Pl. 698. In all these essential particulars this plea is wanting; it does not show the day of the last continuance; it gives the date when the defense arose which was several years before the plea was filed, and avers that an unsuccessful effort was made at a former term to plead the same identical matters as a defense to the suit. It does not conclude against *further* maintaining the suit, nor is it verified under oath. From all these facts we think the court erred in treating it as a plea *puis darrein continuance*. Its true character was that of a plea in bar of the action, and as such, set up a good defense. It averred in substance that this note and another note for $4,000, secured by mortgage payable five years after date, were executed by defendants below in consideration of an agreement by plaintiff that he would on delivery of the same to plaintiff cause one Patterson to convey to the defendant, Gibson, a certain tract of land then owned by him, and which he had that day sold to said Gibson. Alleges the execution and delivery to plaintiff of the two notes and mortgage and the failure and refusal of Patterson to convey the premises according to his agreement. These facts, admitted by the demurrer to be true,

show a failure of the consideration for which the note in suit was given.

It is distinctly averred that upon the delivery to plaintiff of the notes and mortgage, the deed was to be delivered by him to Gibson, conveying the title to the land. If so, the defense was complete the moment plaintiff, after receiving the notes and mortgage, refused to comply with his undertaking, and the additional averment of a conveyance of the land by Patterson to Mrs. Farrell added nothing to its validity, and must be regarded as surplusage. Had appellants pleaded *puis darrein continuance* at the first term of court after the deed from Patterson to Mrs. Farrell was made, the facts as found by the Supreme and Appellate Courts, viz., that the deed from Patterson to Gibson was by the terms of the contract to have been executed and delivered on the payment of the first note, and that since the last continuance, Patterson had divested himself of the title by conveying the same to Farrell, a very different question would have been presented. But this defense is not before the court and even if it would have been availing if presented in apt time, it is now too late to plead it.

But it is contended by appellee that as both the Supreme and Appellate Courts have found that this plea was not sustained by the evidence it is needless to reverse the judgment because the court sustained the demurrer to it. This contention is not well founded. It is true these courts did decide that the proof in the records then before them showed that the deed was not to be delivered upon the execution and delivery of the notes and mortgage by appellants, as averred in the plea, but only upon the payment of the $2,100 note.

We can not assume that appellants will not be able hereafter to prove the truth of their plea. The demurrer admits its truth and the only duty of the court is to determine its sufficiency. Had the court, after sustaining the demurrer, proceeded to the trial of the cause upon the plea setting up the same defense upon which issue had already been joined, no injury would have resulted to appellants, as the same defense could have been made; but the court in holding this to be a

plea *puis darrein continuance*, and that it waived all former pleas, deprived appellants of all opportunity of making their defense.

Judgment reversed and cause remanded.

Reversed and remanded.