## Benjamin L. T. Bourland
### v.
## George L. Gibson and Thomas Snell.

*Action on Promissory Note—Failure of Consideration—Admission of Improper Evidence—Instruction—Pleading and Practice.*

In an action on a promissory note, where the only issue on the trial was whether a deed of certain premises, then occupied by the maker under a contract of purchase on account of which the note was given, was to be delivered on the delivery of the note and in consideration thereof, it is *held:* That evidence tending to show the conveyance of said premises to a third party and the dispossession of the defendant since the bringing of the action on the note, was improperly admitted; that a certain passage in the opinion of this court in reviewing the record of a former trial of the case, on the question of a waiver by the defendant of his right to a deed on delivery of the note, is to be taken as a statement of an inference of fact based on the record then presented; and that in the opinion of this court it would still be proper for the court below to grant the defendant leave to amend his plea and to file others.

[Opinion filed May 19, 1886.]

APPEAL from the Circuit Court of De Witt County; the Hon. GEORGE A. HERDMAN, Judge, presiding.

Messrs. MOORE & WARNER, for appellant.

Messrs. STEVENSON & EWING, for appellee.

PLEASANTS, J. This case has previously been once in the Supreme Court and twice here. It was an action of *assumpsit* brought by appellant, as payee, upon a promissory note of appellees, dated February 22, 1875, due on or before February 22, 1876, for $2,100, with interest at ten per cent. and given under these circumstances :

Gibson had made a trust deed of his homestead at El Paso to Bourland to secure a loan from Gen. Robert Patterson, under which the premises had been sold and conveyed to the latter. Afterward he arranged, through Bourland as Patterson's agent, to repurchase them and get a deed for $2,000 in cash and his note for $4,000, payable in five years with interest at ten per cent. secured by a trust deed of the same property. Bourland procured a deed from Patterson, which he held ready for delivery to Gibson upon his complying with the terms stated, and so advised him by letter of January 11, 1875, inclosing such a note and trust deed for execution. These were executed and returned together with a draft on Snell for the $2,000, which the drawee declined to honor. Gibson being then unable to raise the cash required, his son obtained Bourland's consent to accept in lieu of it his note for $2,100 (including $100 for commissions) with Snell as surety, payable in one year with interest at ten per cent., in pursuance of which the note in suit was made and sent to Bourland, who acknowledged its receipt by letter as follows:

" PEORIA, ILL., February 26, 1875.

GEORGE L. GIBSON, ESQ.—*Dear Sir:* Yours 24th inst. is received. I have proposed to Gen. Patterson to hold the papers, just as they now stand, until the $2,000 is paid, and then convey the property back to you, and record the new mortgage for $4,000.

I now hold as security for the Patterson loan:

1. The original trust deed and note, $6,000, foreclosed, and trustee's deed to Gen. Patterson on record.

2. New note, $4,000, secured by the new mortgage, due in 1880, 10 per cent. semi-annually.

3. Your note, $2,100, with Snell as security, due February 22, 1876, with 10 per cent.

If this last note is paid, the old note and trust deed are to be given up and the new mortgage to be recorded, and Gen. Patterson's deed to you (which I also hold) is to be delivered.

Yours truly,

B. L. T. BOURLAND."

This letter was on its receipt indorsed by Gibson " B. L. T. Bourland, statement, February 26, 1875," and filed away. On March 11, 1876, the suit was brought. The declaration contained a special count on the note and the common counts. Defendants plead that the note was given solely in consideration of an agreement that upon its receipt the deed from Patterson should be delivered, and that the deed had not been delivered, by reason whereof the consideration had wholly failed. Plaintiff replied, traversing the allegation as to the time when, by the agreement, the deed was to be delivered, and issue was joined thereon.

At the December term, 1876, a trial was had, resulting in a verdict for the defendants on which judgment was entered, but the Supreme Court reversed it on the ground that the verdict was against the evidence, finding that " the circumstances proved clearly show the deed was only to be delivered upon the payment of this note." Bourland v. Gibson, 91 Ill. 470.

At the December term, 1879, the cause was again tried with a like result, and that judgment was reversed by this court upon the same ground. 7 Ill. App. 227.

At the March term, 1882, a third trial was had, and the defendants again obtained a verdict, which the Circuit Court set aside.

At the August term next following, leave was granted to amend pleas filed and to file others, and the case continued.

On November 24th defendants filed a plea setting forth that "after the last pleading, to wit: on the first day of July, A. D. 1878," Patterson by warranty deed conveyed the premises in question to Mrs. Harriet B. Farrell; that the note sued on was given together with the other note and trust deed mentioned solely in consideration of the agreement above stated ; that the plaintiff has neglected and refused to comply with said agreement, and by the conveyance to Mrs. Farrell, his principal, and he have put it out of their power to comply ; that defendants had no knowledge or information of said conveyance until about the first day of May, 1882 ; that at the next term they pleaded the foregoing facts in substance, but not being in form, a demurrer was sustained to said plea, and that leave was then and there obtained to amend it, under which leave this is filed.

A demurrer to that plea was also sustained, and upon the ground taken, that being a plea *puis darrein continuance* it was not amendable and waived all others, leave to amend was refused and judgment on the demurrer entered for the plaintiff for the amount of the note and interest; from which judgment defendants appealed.

This court, for reasons stated, held it was not such a plea, and that the demurrer, being general, did not reach merely formal defects; that its true character was that of a plea in bar of the action, and that as such it set up a good defense, to-wit, that upon receipt of the notes and mortgage mentioned the plaintiff was to deliver to Gibson the deed conveying to him the title to the land, and that after receiving them he refused to comply with his undertaking ; that the averment of the conveyance to Mrs. Farrell added nothing to its validity and must be regarded as surplusage; that if it had been properly pleaded *puis darrein continuance*, then, upon the facts as found by the Supreme and Appellate courts, a very different question would have been presented, but that this defense was not before the court and it was then too late to plead it.

And in reply to the suggestion that as both of said courts on appeal had found that the defense pleaded was not proved by the evidence it would be useless to reverse the judgment

for the error committed in sustaining the demurrer, it was further said : " We can not assume that appellants will not be able hereafter to prove the truth of their plea. The demurrer admits its truth, and the only duty of the court is to determine its sufficiency. Had the court, after sustaining the demurrer, proceeded to the trial of the cause upon the plea setting up the same defense, upon which issue had already been joined, no injury would have resulted to appellants, as the same defense could have been made; but the court in holding this to be a plea *puis darrein continuance*, and that it waived all former pleas, deprived appellants of all opportunity of making their defense." The judgment was therefore reversed and the cause remanded. For this opinion, containing a copy of the plea in full, see 13 Ill. App. 352.

Upon thus remanding the cause the plaintiff replied to said plea that " the said note was not given and delivered to the plaintiff in consideration that the plaintiff would deliver to the defendant, Gibson, the deed in said plea mentioned on the delivery to him of said note" on which issue was joined. And it seems to have been the only one made by the pleadings. The jury found for the defendants, and the court having refused a new trial and entered judgment on their verdict, the plaintiff took this appeal, and upon the record so brought here assigns for error the admission of improper evidence on behalf of the appellees and the refusal to admit proper evidence offered and to give proper instructions asked on behalf of appellant.

It appears that against objection by appellant the court admitted evidence that Patterson conveyed to Mrs. Farrell as stated ; that she took possession along in 1878; that no offer to deliver a deed of the property to Gibson was ever made; that Patterson had been dead five or six years ; that appellant's understanding of the agreement was, that if the note sued on was not promptly paid he could collect it by suit and yet keep the property for which it was given, and that $2,000 of the amount belonged to Patterson's estate, but appellant had never paid it nor any part of it to him or to his estate.

Nearly all of this was elicited by direct examination of

Bourland v. Gibson and Snell.

appellees' witnesses, and the little that was obtained on cross examination of appellant was not justified by the examination in chief.

. We are unable to see how these facts, or any of them if they are such, could aid in determining whether the deed to Gibson was, by the agreement, to be delivered to him by appellant upon receipt of the note sued on, or only upon its payment. Upon the issue as made, therefore, appellees were not entitled to have the jury know them. Being known, or even, suspected, they could hardly fail to prejudice appellant and his claim. We can not ourselves be unaffected by them. While as lawyers we may understand, and as judges hold, that in the plea of November 24th the averment of the conveyance to, Mrs. Farrell was immaterial and surplusage, our sense of right can not but be alive to its bearing upon the real merits of the case.

The suit brought was an affirmance of the contract to reconvey to Gibson the homestead he had lost. Its object was to recover a considerable portion of the price ; and that pending the suit the vendor should voluntarily dispose of the property so that he could not reconvey upon recovery and collection of the judgment, and yet proceed to recover and collect it, would strike the mind of a juror as being palpably unjust. He might understand that to Gibson it was really of very little consequence whether he got his deed before payment or not, so long as he was in possession and had appellant's letter showing his right to it upon payment, and so might regard the non-delivery of the deed as a poor excuse for non-payment of the note, but without further explanation would not see clearly, why, though in default as to payment when due, he should still be made to pay after he was dispossessed, and the property absolutely sold and delivered by his vendor to another. It can hardly be doubted that this apparent hardship and injustice had great weight with the jury. And yet, while not undertaking to determine, because the record does not present the question, whether these facts can now be made available for defense against this note by any form of plea at law or even by bill in equity, we are constrained to hold that, upon the issue as made in this case, they were inadmissible.

In the opinion reported in 7 Ill. App. 227, it was said: "But even if the contract was as now claimed by Gibson, he waived his right to the deed on the delivery of the note by his acquiescence in the claim of Bourland that the deed was not to be delivered until the payment of the note in full."

Upon this expression an instruction was asked as to the legal effect of the receipt by Gibson of Bourland's letter of February 26th and his failure to reply, the refusal of which is also urged as error. We apprehend that in the passage quoted the court was only stating an inference of fact which it drew from all the evidence in the record bearing upon it, and not a conclusive presumption of law that by failing to object to the statement in the letter Gibson acquiesced in its correctness. That was a question for the jury. The instruction was therefore rightly refused, but for the error in admitting the evidence above referred to the judgment will be reversed and the cause remanded.

We think it would be proper to grant leave to amend the plea and to file others if desired.

*Reversed and remanded.*